1  JOHN B. SULLIVAN (State Bar No. 96742)
   EDWARD R. BUELL, III (State Bar No. 240494)
2  erb@severson.com
   EVELINA MANUKYAN (State Bar No. 233262)
3  exm@severson.com
   SEVERSON & WERSON
4  A Professional Corporation
   One Embarcadero Center, Suite 2600
5  San Francisco, California 94111
   Telephone: (415) 398-3344
6  Facsimile: (415) 956-0439

7  Attorneys for Defendant
   OCWEN LOAN SERVICING, LLC
8

9              UNITED STATES DISTRICT COURT

10   EASTERN DISTRICT OF CALIFORNIA — SACRAMENTO DIVISION

11

12  TENA ROBINSON,                          Case No. 2:14-cv-01669-MCE-EFB

13          Plaintiff,                       **OCWEN LOAN SERVICING, LLC'S
                                             NOTICE OF HEARING ON MOTION,**
14      vs.                                  **MOTION TO DISMISS COMPLAINT,
                                             AND MEMORANDUM OF POINTS AND**
15  OCWEN LOAN SERVICING, LLC; and           **AUTHORITIES IN SUPPORT THEREOF**
    DOES 1-100, inclusive,
16                                           Date:     October 30, 2014
          Defendants.                        Time:     2:00 p.m.
17                                           Crtrm.:   7, 14th Floor
                                             Judge:    Honorable Morrison C. England, Jr.
18

19

20

21

22

23

24

25

26

27

28

21000.0220/3345816.1

1

# TABLE OF CONTENTS

2

Page

3  NOTICE OF MOTION AND MOTION TO DISMISS ................................................. 1

4  MEMORANDUM OF POINTS AND AUTHORITIES ............................................... 2

5  I.      INTRODUCTION.................................................................................................. 2

6  II.     APPLICABLE LAW AND PERTINENT FACTS.............................................. 3

7
   III.    ROBINSON'S CLAIMS ARE REALLY AGAINST GMACM AND  SHE IS
           PRECLUDED BY BANKRUPTCY COURT ORDER  FROM PURSUING THEM
8          AGAINST OCWEN.............................................................................................. 4

9  IV.     THE BREACH OF CONTRACT CLAIM IS DEFECTIVELY PLEADED ...................... 7

10         A.      The Alleged Terms Of The Contract Are Not Stated................................ 7

11         B.      Robinson Does Not Plead The Existence Of Terms Showing An
                   Enforceable Contract................................................................................. 8
12
           C.      Facts Showing Damages Are Missing ..................................................... 9
13
   V.      THE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH  AND FAIR
14         DEALING FAILS FOR WANT OF ANY  EXPRESS CONTRACT PROVISION
           THAT WAS FRUSTRATED................................................................................ 10
15
   VI.     ROBINSON HAS NO PROMISSORY ESTOPPEL CLAIM ........................................ 11
16
           A.      A Clear And Unambiguous Promise Is Not Alleged ............................. 11
17
           B.      Facts Demonstrating Reasonable Reliance Are Not Alleged................. 12
18
           C.      Facts Demonstrating Injury Are Not Alleged ....................................... 12
19
   VII.    THE NEGLIGENCE CLAIMS FAILS FOR WANT OF A COGNIZABLE DUTY
20         AND IS PRECLUDED BY THE ECONOMIC LOSS DOCTRINE ................................ 12

21  VIII.  THE DERIVATIVE SECTION 17200 CLAIM IS NOT VIABLE................................... 14

22  IX.     CONCLUSION ................................................................................................... 17

23

24

25

26

27

28

**TABLE OF AUTHORITIES**

Page(s)

**CASES**

*Abrego Abrego v. The Down Chem. Co.,*
    443 F.3d 676 (9th Cir. 2006)..........................................................................4

*Adams v. Williams Resorts, Inc.,*
    210 Cal.App.2d 456 (1962)............................................................................15

*Am. Title Ins. Co. v. Lacelaw Corp.,*
    861 F.2d 224 (9th Cir. 1988)..........................................................................5

*Anderson v. Permenter,*
    78 Cal.App.2d 378 (1947)............................................................................16

*Ann M. v. Pac. Plaza Shopping Ctr.,*
    6 Cal.4th 666 (1993)..................................................................................13

*Applied Equipment Corp. v. Litton Saudi Arabia Ltd.,*
    7 Cal.4th 503 (1994)..................................................................................10

*Ashcroft v. Iqbal,*
    129 S.Ct. 1937 (2009) ..................................................................................3

*Auerbach v. Great W. Bank,*
    74 Cal.App.4th 1172 (1999)..........................................................................12

*Bell Atl. Corp. v. Twombly,*
    550 U.S. 544, 570 (2007) ..............................................................................3

*Benson v. Ocwen Loan Servicing, LLC,*
    — Fed. Appx. —, 2014 WL 962022 (9th Cir. 2014) ........................................4, 13

*Blackburn v. Charnley,*
    117 Cal.App.4th 758 (2004)..........................................................................16

*Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of*
    *Health & Human Res.,*
    532 U.S. 598 (2001) ....................................................................................9

*Cargill, Inc. v. Souza,*
    201 Cal.App.4th 962 (2011)..........................................................................10

*Cordero v. Bank of Am.,*
    2013 WL 4590826 (C.D. Cal. 2013) ..............................................................15

*Cordon v. Wachovia Mortg.*,
   776 F.Supp.2d 1029 (N.D. Cal. 2011) ...............................................15

*Daro v. Superior Court*,
   151 Cal.App.4th 1079 (2007)...............................................................15

*Day v. AT&T Corp.*,
   63 Cal. App.4th 325 (1998).................................................................16

*Emery v. Visa Int'l Service Ass'n*,
   95 Cal.App.4th 952 (2002)...................................................................14

*Fevinger v. Bank of Am., N.A.*,
   2014 WL 1338301 (N.D. Cal. 2014)....................................................13

*Gibson v. Office of the Attorney General*,
   561 F.3d 920 (9th Cir. 2009).................................................................10

*Gilmore v. Lycoming Fire Ins. Co.*,
   55 Cal. 123 (1880).................................................................................7

*Glenn K. Jackson Inc. v. Roe*,
   273 F.3d 1192 (9th Cir. 2001)..............................................................14

*Gradetech, Inc. v. Am. Emp'rs Grp.*,
   2006 WL 1806156 (N.D. Cal. 2006)......................................................5

*Grimes v. New Century Mortg. Corp.*,
   340 F.3d 1007 (9th Cir. 2003).....................................................8, 9, 12

*Hakopian v. Mukasey*,
   551 F.3d 843 (9th Cir. 2008)..................................................................5

*Hall v. United States*,
   314 F.Supp. 1135 (N.D. Cal. 1970) .......................................................5

*Harris v. Wachovia Mortg., F.S.B.*,
   185 Cal.App.4th 1018 (2010)...............................................................10

*Heritage Pac. Fin., LLC v. Monroy*,
   215 Cal.App.4th 972 (2013)...................................................................7

*Jackson v. Grant*,
   890 F.2d 118 (9th Cir. 1989)..................................................................9

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   216 Cal.App.4th 497 (2013).................................................................14

*Khan v. CitiMortgage, Inc.*,
   975 F.Supp.2d 1127 (E.D. Cal. 2013)..................................................16

*Korea Supply Co. v. Lockheed Martin Co.,*
   29 Cal.4th 1134 (2003)................................................................15

*Krantz v. BT Visual Images, L.L.C.,*
   89 Cal.App.4th 164 (2001)..........................................................14

*Kruse v. Bank of Am.,*
   202 Cal.App.3d 38 (1988)............................................................12

*Kwikset Corp. v. Superior Court,*
   51 Cal.4th 310 (2011)..................................................................14

*Ladas v. California State Auto Ass'n,*
   19 Cal.App.4th 761 (1993)............................................................8

*Laks v. Coast Fed. Sav. & Loan Ass'n,*
   60 Cal.App.3d 885, 890 (1976)....................................................11

*Lazo v. Bank of Am., N.A.,*
   2012 WL 1831577 (N.D. Cal. 2012)..............................................5

*Lingad v. Indymac Fed. Bank,*
   682 F.Supp.2d 1142 (E.D. Cal. 2010)..........................................11

*Low v. LinkedIn Corp.,*
   900 F.Supp.2d 1010 (N.D. Cal. 2012) ......................................9, 10

*Lueras v. BAC Home Loans Serv., LP*
   221 Cal.App.4th 49 (2013)...........................................................13

*McClain v. Octagon Plaza, LLC,*
   159 Cal.App.4th 784 (2008).........................................................11

*McKell v. Washington Mut., Inc.,*
   142 Cal.App.4th 1457 (2006)......................................................7, 8

*Meyer v. Wells Fargo Bank, N.A.,*
   2013 WL 6407516 (N.D. Cal. 2013)............................................13

*Moss v. U.S. Secret Serv.,*
   572 F.3d 962 (9th Cir. 2009)..........................................................3

*Mullis v. United States Bankr. Ct.,*
   828 F.2d 1385 (9th Cir. 1987)........................................................3

*Otworth v. S. Pac. Transp. Co.,*
   166 Cal.App.3d 452 (1985)............................................................8

*Owens v. Bank of Am., N.A.,*
   2012 WL 5340577 (N.D. Cal. 2012)..............................................5

*Parrino v. FHP, Inc.,*
   146 F.3d 699, 706 (9th Cir. 1998) .................................................................4

*People v. Duz-Mor Diagnostic Lab., Inc.,*
   68 Cal.App.4th 654 (1998) .......................................................................14

*People v. Toomey,*
   157 Cal.App.3d 1 (1984) ....................................................................14, 16

*Peterson Dev. Co. v. Torrey Pines Bank,*
   233 Cal.App.3d 103 (1991) .................................................................9, 12

*Phipps v. Wells Fargo Bank, N.A.,*
   2011 WL 302803 (E.D. Cal. 2011) .............................................................15

*Price v. Wells Fargo Bank,*
   213 Cal.App.3d 465 (1989) ...................................................................8, 9

*Progressive West Ins. Co. v. Superior Court,*
   135 Cal.App.4th 263 (2005) ......................................................................7

*Racine & Laramie, Ltd. v. Dep't of Parks & Recreation,*
   11 Cal.App.4th 1026 (1992) ....................................................................11

*Ragland v. U.S. Bank Nat'l Ass'n,*
   209 Cal.App.4th 182 (2012) ....................................................................13

*In re Residential Capital, LLC,*
   2013 WL 3286198 (Bankr. S.D.N.Y. 2013) ....................................................6

*Riverisland Cold Storage, Inc. v. Fresno–Madera Production Credit Ass'n,*
   55 Cal.4th 1169 (2013) ...........................................................................8

*Robinson v. Bank of Am., N.A.,*
   2014 WL 60969 (N.D. Cal. 2014) ..............................................................13

*Roussel v. Wells Fargo Bank, N.A.,*
   2012 WL 5301909 (N.D. Cal. 2012) ............................................................15

*San Francisco Unified Sch. Dist. v. W.R. Grace & Co.,*
   37 Cal.App.4th 1318 (1995) ....................................................................14

*Sanguinetti v. Citi Mortg., Inc.,*
   2013 WL 4838765 (N.D. Cal. 2013) ............................................................13

*Secrest v. Security Nat'l Mortg. Loan Trust 2002-2,*
   167 Cal.App.4th 544 (2008) .....................................................................8

*Seely v. White Motor Co.,*
   63 Cal.2d 9 (1965) ...............................................................................14

*Serna v. Bank of Am., N.A.*,
    2012 WL 2030705 (C.D. Cal. 2012) ...........................................................15

*Sheet Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*,
    84 F.3d 1186 (9th Cir. 1996) ...........................................................................9

*Sipe v. Countrywide Bank*,
    690 F.Supp.2d 1141 (E.D. Cal. 2010) ...........................................................11

*Smith v. San Francisco*,
    225 Cal.App.3d 38 (1990) ...............................................................................11

*Software Design & Application, Ltd. v. Hoefer & Arnett, Inc.*,
    49 Cal.App.4th 472 (1996) ..............................................................................13

*Solomon v. Aurora Loan Servs. LLC*,
    2012 WL 257759 (E.D. Cal. 2012) ..................................................................15

*Sprewell v. Golden State Warriors*,
    266 F.3d 979 (9th Cir. 2001) .............................................................................3

*Sutcliffe v. Wells Fargo Bank, N.A.*
    283 F.R.D. 533 (N.D. Cal. 2012) .......................................................................5

*Swierkiewicz v. Sorema N.A.*,
    534 U.S. 506 (2002) ...........................................................................................3

*Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.*,
    255 Cal.App.2d 300 (1967) ..............................................................................15

*Thompson v. Residential Credit Solutions, Inc.*,
    2012 WL 260357 (E.D. Cal. 2012) ..................................................................15

*Trope v. Katz*,
    11 Cal.4th 274 (1995) .......................................................................................10

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .............................................................................4

*US Ecology, Inc. v. State of Cal.*,
    129 Cal.App.4th 887 (2005) .............................................................................11

*Wall St. Network, Ltd. v. New York Times Co.*,
    164 Cal.App.4th 1171 (2008) .............................................................................7

*Weddington Prods., Inc. v. Flick*,
    60 Cal.App.4th 793 (1998) ...............................................................................12

*Williams v. Wells Fargo Bank, N.A.*,
    2014 WL 1568857 (C.D. Cal. 2014) ................................................................13

*Wise v. S. Pac. Co.*,
    223 Cal.App.2d 50 (1963) ........................................................................................8

**STATUTES, RULES**

Business and Professions Code
    §17200, et seq. ...........................................................................................14, 15, 17
    § 17203 ......................................................................................................................16

Civil Code
    § 1624 ........................................................................................................................8
    § 2924 ........................................................................................................................9
    § 3390 ......................................................................................................................16

Code of Civil Procedure
    § 430.10 ...................................................................................................................7
    § 526 .......................................................................................................................16

Federal Rule of Civil Procedure
    Rule 12 ..............................................................................................................2, 3, 4, 5

**OTHER AUTHORITIES**

4 Witkin, Cal. Procedure, Pleading
    §§ 518-520 (5th ed. 2008) ....................................................................................7

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2       PLEASE TAKE NOTICE that on October 30, 2014, at 2:00 p.m., or as soon thereafter as

3 the matter may be heard, in Courtroom 7 of the above-entitled Court, located at Floor 14, 501 I

4 Street, Sacramento, California 95814, before the Honorable Morrison C. England, Jr., Defendant

5 Ocwen Loan Servicing, LLC will, and hereby does, move to dismiss Plaintiff Tena Robinson's

6 Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Complaint fails to state a

7 claim upon which relief may be granted as explained further in the accompanying memorandum of

8 points and authorities.

9       This motion is based on this motion and notice of motion, the accompanying memorandum

10 of points and authorities, the request for judicial notice, the pleadings and records on file in this

11 action, and any further briefs, evidence, authorities, or argument presented before or at the hearing

12 of this motion.  Defendant respectfully requests an order dismissing the Complaint for failure to

13 state a claim.

14

15 DATED:  July 22, 2014           SEVERSON & WERSON
                              A Professional Corporation

16

17

18                             By:     /s/  *Evelina Manukyan*
                                     Evelina Manukyan

19

20                             Attorneys for Defendant
                            OCWEN LOAN SERVICING, LLC

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Defendant Ocwen Loan Servicing, LLC ("Ocwen") respectfully submits this motion to dismiss Plaintiff Tena Robinson's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).

Robinson claims Ocwen breached a 2012 agreement to permanently modify her mortgage loan.  Ocwen did not make the 2012 offer to modify Robinson's mortgage—GMAC Mortgage, LLC ("GMACM") did.  Ocwen was not a party to the offer and it is not a successor in liability to GMACM, as established by a bankruptcy court order.  So Robinson's complaint should be dismissed for the simple reason that she filed this lawsuit against the wrong party.

Robinson's complaint should also be dismissed because each of the five causes of action she attempts to assert fails to state a claim for relief as a matter of law.  Robinson strategically decided against attaching a copy of the loan modification offer to her complaint because it shows on its face that the offer was made by GMACM, not Ocwen.  Her failure to attach a copy of the offer or set out any relevant provision in her complaint undermines her breach of contract claim.  She does not allege the existence of an enforceable contract because she identifies no essential terms.  Her skeletal pleading also alleges no facts showing any damage resulting from the breach of this contract.

Robinson's failure to allege the breach of any express provision of a contract also undermines her cause of action for breach of the implied covenant.

Robinson's promissory estoppel cause of action is missing facts showing a clear and unambiguous promise, detrimental reliance, or injury.

Robinson does not have a viable negligence claim because there is no duty of due care with respect to loan modifications, because she avers no facts demonstrating damages, and because this claim is precluded by the economic loss doctrine.

Robinson has no action under California Business and Profession Code § 17200 as there is nothing to support this derivative cause of action, there is no vicarious liability under this statute, there are no facts showing any injury, and Robinson does not establish a right to either form of relief provided by this act.

MOTION TO DISMISS

1  Each cause of action asserted in the complaint fails as a matter of law to state a claim for

2  which relief may be granted.  The Court should therefore grant Ocwen's motion to dismiss.

3  ## II.  APPLICABLE LAW AND PERTINENT FACTS

4  "To survive a motion to dismiss [under Federal Rule of Civil Procedure 12(b)(6)], a

5  complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

6  plausible on its face.'"  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v.*

7  *Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fᴇᴅ. R. Cɪᴠ. P. 12(b)(6).  "A claim has facial

8  plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

9  inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S.Ct. at 1949; *see*

10  *also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).  While the Court accepts as true

11  the well-pleaded facts of a complaint when deciding a motion to dismiss, this presumption does

12  not apply to naked assertions devoid of further factual enhancement or conclusory allegations of

13  law.  *See Iqbal*, 129 S.Ct. at 1949-50; *Moss*, 572 F.3d at 969.  Moreover, the complaint must give

14  the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.

15  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Finally, facts subject to judicial notice

16  may be considered on a motion to dismiss and these facts trump conclusory allegations to the

17  contrary.  *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *Mullis v.*

18  *United States Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

19  The alleged and judicially noticeable facts are stated below.  Ocwen does not concede the

20  truth of any of the facts Robinson alleges.

21  In 2006, Robinson refinanced her mortgage with a $309,600 loan.  *See* Def's Request for

22  Judicial Notice ("RJN"), Ex. A.  She secured her loan with a deed of trust encumbering property

23  located at 3350 Y Street, Sacramento, California 95817.  *See* RJN, Ex. A.

24  Robinson soon defaulted.  *See* RJN, Ex. B.  In 2009, she entered into a loan modification

25  agreement with GMACM, which granted her a fixed interest rate of 1% until 2014.  *See* RJN, Ex.

26  C.  Despite the modification, Robinson soon defaulted again.  *See* RJN, Ex. D.

27  Robison then filed a lawsuit about her defaulted loan in May 2012, *Tena Robinson v.*

28  *GMAC Mortgage, LLC, et al.* (Sacramento County Superior Court Case No. 34-2012-00123823).

1  In her first amended complaint filed on December 17, 2012, Robinson asserted that GMACM "is

2  the purported current servicer of the Subject Loan and was the purported servicer at all relevant

3  times …."  RJN, Ex. E (FAC ¶ 3).

4      In September 2012, GMACM offered Robinson a "Loan Workout Plan" or Trial Period

5  Plan ("TPP").  *See* RJN, Ex. F.  Among other provisions, the TPP called for Robinson to make

6  three payments of $1,421.05 to GMACM from October 2012 to December 2012.  *See* RJN, Ex. F.

7      In this lawsuit, Robinson alleges, incorrectly, that <u>Ocwen</u> offered her a TPP in the fall of

8  2012.  *See* Compl. ¶ 13.  She avers making three TPP payments of $1,421.05 in October,

9  November, and December 2012.  *See id.* ¶¶ 13-14.  Despite making the three payments, "OCWEN

10  refused to provide her with a final loan modification for the Subject Loan."  *Id.* ¶ 16.

11      Robison also repeatedly avers that Ocwen "is now threatening to foreclose" on her house,

12  although no notice of default, the first step in the non-judicial foreclosure process, has been

13  recorded.  *See id.* ¶ 17; *see also* ¶¶ 3, 18, 22, 30, 41.  She filed this second lawsuit about her loan

14  on June 11, 2014.

15  **III.  ROBINSON'S CLAIMS ARE REALLY AGAINST GMACM AND**
**SHE IS PRECLUDED BY BANKRUPTCY COURT ORDER**
16  **FROM PURSUING THEM AGAINST OCWEN**

17      Robinson's complaint should be dismissed because her claims are really against GMACM.

18  It was GMACM that made the TPP offer to Robinson, not Ocwen.  *See* RJN, Ex. F.  The Court

19  may take judicial notice of the TPP offer.  "Even if a document is not attached to a complaint, it

20  may be incorporated by reference into a complaint if the plaintiff refers extensively to the

21  document or the documents forms the basis of the plaintiff's claims."  *United States v. Ritchie*, 342

22  F.3d 903, 908 (9th Cir. 2003).  "The defendant may offer such a document, and the district court

23  may treat such a document as part of the complaint, and thus may assume that its contents are true

24  for purposes of a motion to dismiss under Rule 12(b)(6)."  *Id.*  The policy concern underlying the

25  rule is to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting

26  references to documents upon which their claims are based."  *Parrino v. FHP, Inc.*, 146 F.3d 699,

27  706 (9th Cir. 1998), superseded by statute on other grounds as recognized in *Abrego Abrego v.*

28  *The Down Chem. Co.*, 443 F.3d 676, 681 (9th Cir. 2006).  Numerous courts have taken judicial

1  notice of loan modification contracts or TPPs.[1]

2        Robinson refers extensively to the TPP offer throughout her complaint.  *See* Compl. ¶¶ 3,

3  13, 14, 16, 17, 21, 22, 23, 27, 29, 33.  The alleged offer to modify her loan is the basis of all of her

4  claims.  Thus, the Court make properly take notice of the TPP offer.  And doing so will further the

5  policy goal of not allowing Robinson to survive a Rule 12(b)(6) motion by deliberating omitting

6  the very contract that she alleges Ocwen breached.

7        The Court will see that the TPP offer was made by GMACM.  *See* RJN, Ex. F.  It will find

8  that the three payments were to be made to GMACM.  *See id*.  And the Court will see that Ocwen

9  is never mentioned in the TPP offer nor a party to it.  *See id*.

10        Moreover, Robinson previously asserted in her first lawsuit that GMACM was her loan

11  servicer as of December 2012, the time of the TPP offer.  *See* RJN, Ex. F.  This assertion is a

12  judicial admission.  *See, e.g.*, *Hakopian v. Mukasey*, 551 F.3d 843, 846 (9th Cir. 2008)

13  ("Allegations in a complaint are considered judicial admissions."); *Am. Title Ins. Co. v. Lacelaw*

14  *Corp.*, 861 F.2d 224, 226 (9th Cir. 1988) ("[f]actual assertions in pleadings … are considered

15  judicial admissions" and "[j]udicial admissions are formal admissions in the pleadings which have

16  the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the

17  fact."); *Gradetech, Inc. v. Am. Emp'rs Grp.*, 2006 WL 1806156, at *3 (N.D. Cal. 2006); *Hall v.*

18  *United States*, 314 F.Supp. 1135, 1137 (N.D. Cal. 1970) (allegation in a complaint was a binding

19  judicial admission).

20        The judicially noticeable TPP offer and Robinson's judicial admission demonstrate that

21  this entire lawsuit is aimed at the wrong party.  Ocwen did not make the TPP offer and is not liable

22  for GMACM's purported failure to honor it.

23  _____

24  [1] *See, e.g.*, *Owens v. Bank of Am., N.A.*, 2012 WL 5340577, at *1 n.2 (N.D. Cal. 2012) ("Plaintiffs
    rely on the [loan modification] letter itself extensively in their arguments about the nature of their

25  claims here.  Accordingly, the Court finds the document a proper subject of judicial notice in
    connection with the motions to dismiss."); *Lazo v. Bank of Am., N.A.*, 2012 WL 1831577, at *1,

26  n.3 (N.D. Cal. 2012) ("Plaintiffs' complaint depends upon the Loan Modification Trial Period
    Plan, so the court may properly take judicial notice of the facts contained in it, too."); *Sutcliffe v.*

27  *Wells Fargo Bank, N.A.* 283 F.R.D. 533, 537 n.2 (N.D. Cal. 2012).

28

1    Ocwen is not a successor in liability to GMACM and Robinson is precluded by bankruptcy

2 court order from suing Ocwen for claims against GMAMC.  On May 14, 2012, Residential

3 Capital, LLC and certain of its direct and indirect subsidiaries, including GMACM, filed Chapter

4 11 bankruptcy petitions in the United States Bankruptcy Court for the Southern District of New

5 York.  Their bankruptcy proceedings were jointly administered under case no. 12-12020, *In re*

6 *Residential Capital, LLC*.  On December 11, 2013, the bankruptcy court entered an order

7 confirming the Debtors' Chapter 11 plan (the "*Confirmation Order*").  *See* RJN, Ex. G.

8    Prior to issuance of the *Confirmation Order*, Ocwen and GMACM entered into an Asset

9 Purchase Agreement ("*Asset Purchase Agreement*").  *See* RJN, Ex. H.  On November 21, 2012,

10 the bankruptcy court issued an order approving the sale of debtors' assets (including GMACM's

11 assets) to Ocwen (the "*Asset Purchase Order*").  *See* RJN, Ex. I.  Among other things, the *Asset*

12 *Purchase Order* provided that Ocwen acquired GMACM's assets free and clear of claims, aside

13 from those specifically classified "assumed liabilities," as defined by the *Asset Purchase*

14 *Agreement*.[2]

15    Specifically, the *Asset Purchase Order* states that "the relief provided for in this Order"

16 includes the right to be "free and clear of all Interests and including rights or Claims based upon

17 successor or transferee liability, Claims or Liabilities relating to any act or omission of any

18 originator, holder or servicer of Mortgage Loans prior to the Closing Date [February 15, 2013[3]]."

19 *See* RJN, Ex. I (p. 13, ¶ R; *see also* pp. 2-3, 20, ¶ W(9)).  As the *Asset Purchase Order* recognizes,

20 "[Ocwen] would not have entered into the Ocwen APA [Asset Purchase Agreement] and would

21

22 [2] "Assumed Liabilities" are defined at Section 1.1 of the *Asset Purchase Agreement*.  While

23 "assumed liabilities" do include those liabilities arising from the conduct of the "business . . . engaged in by Sellers," including GMACM, the business must have been conducted "on or after the Closing," which took place on February 15, 2013.  *See* RJN, Ex. H (Article I, Section 1.1, p.

24 4).   Here, the alleged loan modification offer was made before that time.   Both the *Assert Purchase Agreement* and *Asset Purchase Order* were confirmed by the *Confirmation Order*.  *See*

25 RJN, Ex. G (*Confirmation Order*, Section II, ¶ 31).

26 [3] *In re Residential Capital, LLC*, 2013 WL 3286198, at *3 (Bankr. S.D.N.Y. 2013) ("On November 19, 2012, the Court approved the Debtors' sale of (i) their mortgage servicing

27 businesses … [including] a sale to Ocwen Loan Servicing, LLC that closed on February 15, 2013.").

28

1   not consummate the Transactions without all of the relief provided for in this Order."  RJN, Ex. I

2   (p. 13, ¶ R).

3         In sum, to the extent that Robinson's claims are in reality claims against GMACM, and

4   rely on successor or transferee liability against Ocwen, they are barred by the bankruptcy court's

5   *Confirmation Order* and *Asset Purchase Order*.

6         **IV.  THE BREACH OF CONTRACT CLAIM IS DEFECTIVELY PLEADED**

7         Besides being barred by the bankruptcy court's order, each of Robinson's causes of action

8   against Ocwen fail as a matter of law.  Robinson's first cause of action is for breach of contract.

9   She alleges that "OCWEN breached the contract with [her] by failing to provide her with a final

10  loan modification as stated in the agreement."  Compl. ¶ 22.

11        The standard elements for a breach of contract claim are:  "(1) the contract, (2) plaintiff's

12  performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff

13  therefrom."  *Wall St. Network, Ltd. v. New York Times Co*., 164 Cal.App.4th 1171, 1178 (2008)

14  (citation omitted); *see also McKell v. Washington Mut., Inc.*, 142 Cal.App.4th 1457, 1489 (2006).

15  **A.      The Alleged Terms Of The Contract Are Not Stated**

16        As mentioned, Robison neither attaches a copy of the TPP offer to her complaint nor sets

17  out any of its relevant provisions in her pleading.  Her contract claim based on the TPP offer is

18  therefore insufficiently pleaded.

19        An action founded on contract must state whether the contract is written, oral, or implied

20  by conduct.  *See* CAL. CODE CIV. PROC. § 430.10(g).  Furthermore, "[t]o state a cause of action for

21  breach of contract, it is absolutely essential to plead the terms of the contract either in haec verba

22  or according to legal effect."  *Progressive West Ins. Co. v. Superior Court*, 135 Cal.App.4th 263,

23  270 n.1 (2005); *see also Gilmore v. Lycoming Fire Ins. Co.*, 55 Cal. 123, 124 (1880) ("Where a

24  party relies upon a contract in writing, and it affirmatively appears that all the terms of the contract

25  are not set forth in *haec verba*, nor stated in their legal effect, but that a portion which may be

26  material has been omitted, the complaint is insufficient."); *Heritage Pac. Fin., LLC v. Monroy*,

27  215 Cal.App.4th 972, 993 (2013); 4 Witkin, Cal. Procedure, Pleading, §§ 518-520, pp. 650-51 (5th

28  ed. 2008).

1    If the plaintiff chooses the in *haec verba* alternative, "the terms must be set out verbatim in

2    the body of the complaint or a copy of the written instrument must be attached and incorporated

3    by reference." *Otworth v. S. Pac. Transp. Co.*, 166 Cal.App.3d 452, 458 (1985) (citing *Wise v. S.*

4    *Pac. Co.*, 223 Cal.App.2d 50, 59 (1963)).  Otherwise, the contract must be pleaded by its legal

5    effect, but "[t]his is more difficult, for it requires a careful analysis of the instrument, compre-

6    hensiveness in statement, and avoidance of legal conclusions." *McKell*, 142 Cal.App.4th at 1489.

7    Robison hints of a written agreement, but never affirmatively alleges whether the contract

8    is oral, written, or was implied by conduct.  Since an agreement to modify the terms of a loan se-

9    cured by real property must be in writing, Robinson has not alleged the existence of an

10   enforceable contract since she alleges no writing.  *See* Cal. Civ. Code § 1624(a)(6); *Secrest v.*

11   *Security Nat'l Mortg. Loan Trust 2002-2*, 167 Cal.App.4th 544, 555 (2008).

12   And no written agreement is pleaded in *haec verba* or pleaded by its legal effect.

13   Robinson merely alleges in conclusory fashion that she was offered a permanent loan modification

14   via a TPP.  She does not set out in her complaint "a careful analysis of the instrument, compre-

15   hensiveness in statement, and avoidance of legal conclusions."  With no allegations setting out any

16   terms of the agreement that were breached, Robinson does not properly plead a breach of contract.

17   **B.    Robinson Does Not Plead The Existence Of Terms Showing An Enforceable Contract**

18   Robinson's skeletal pleading leads to a related problem.  She has no breach of contract

19   claim because she has not alleged even a single term of the agreement.  A loan contract requires

20   terms such as the amount, repayment schedule, and interest rate.  Absent these required terms, no

21   breach of contract claim will lie.

22   A contract is void and unenforceable where it is so uncertain and indefinite that the

23   intention of the parties on material questions cannot be ascertained.  *See Ladas v. California State*

24   *Auto Ass'n*, 19 Cal.App.4th 761, 770 (1993); *see also Price v. Wells Fargo Bank*, 213 Cal.App.3d

25   465, 483 (1989), overruled on other grounds in *Riverisland Cold Storage, Inc. v. Fresno–Madera*

26   *Production Credit Ass'n*, 55 Cal.4th 1169, 1182 (2013) (in order to constitute a legal contract, a

27   loan agreement must embody definite terms that are capable of enforcement).  "Under the law of

28   California, … no loan contract is formed if an essential element is missing." *Grimes v. New*

1    *Century Mortg. Corp.*, 340 F.3d 1007, 1010 (9th Cir. 2003); *see also Jackson v. Grant*, 890 F.2d

2    118, 120 (9th Cir. 1989).

3            To be sufficiently definite to be enforceable, a loan contract should include the identity of

4    the lender and borrower, the loan amount, and repayment terms.  *See Peterson Dev. Co. v. Torrey*

5    *Pines Bank*, 233 Cal.App.3d 103, 115 (1991).  The interest rate is another essential element to a

6    loan contract.  *See Grimes*, 340 F.3d at 1010.

7            Other than the identity of the parties, Robinson does not allege or demonstrate a single

8    term essential to the creation of an enforceable loan contract.  Robinson does not show that the

9    supposed modified loan is for any particular amount.  She does not aver that there is a particular

10   term or number of repayments or that the parties agreed on loan repayments of any given amount.

11   She does not allege a specific interest rate.  Most of the essential terms are absent.  A supposed

12   loan modification agreement so lacking in essential terms is unenforceable.  *See Price*,

13   213 Cal.App.3d at 483.

14   **C.      Facts Showing Damages Are Missing**

15           Damages are another element necessary for a breach of contract claim.  Robinson's

16   primary alleged injury is the supposed "commence[ment of] foreclosure proceedings against

17   Plaintiff."  Compl. ¶ 22; *see also* Compl. ¶¶ 3, 17, 18, 30, 41.  There is no pending foreclosure.

18   No notice of default, the first step in the non-judicial foreclosure process, has been recorded.  No

19   foreclosure can take place without the prior recording of a notice of default and a notice of

20   trustee's sale.  *See* CAL. CIV. CODE § 2924(a)(1).  And the mere threat of a future foreclosure is not

21   a legally cognizable form of damages in any event.  *See, e.g., Low v. LinkedIn Corp.*, 900

22   F.Supp.2d 1010, 1028 (N.D. Cal. 2012) ("Nominal damages, speculative harm, or threat of future

23   harm does not suffice to show legally cognizable injury" for a breach of contract claim.").

24           Other than a non-existent foreclosure, Robinson points to attorney fees, damage to credit,

25   and emotional suffering.  *See* Compl. ¶¶ 24, 28, 30, 35, 41.

26           Attorney fees are not cognizable damages under the "American rule."  Parties bear their

27   own attorneys' fees unless they agree or a statute says otherwise.  *See, e.g., See Buckhannon Bd. &*

28   *Care Home, Inc. v. West Virginia Dep't of Health & Human Res.*, 532 U.S. 598, 602 (2001); *Sheet*

1   *Metal Workers' Int'l Ass'n Local Union No. 359 v. Madison Indus., Inc.*, 84 F.3d 1186, 1192 (9th

2   Cir. 1996); *Trope v. Katz*, 11 Cal.4th 274, 278 (1995) ("California follows what is commonly

3   referred to as the American rule, which provides that each party to a lawsuit must ordinary pay his

4   own attorney fees."); *Cargill, Inc. v. Souza*, 201 Cal.App.4th 962, 966 (2011) ("Each party to a

5   lawsuit must pay his or her own attorney gees except where a statute or contract provides

6   otherwise.").

7           Generally, emotional distress is also not a form of cognizable damages to support a breach

8   of contract claim.  *See, e.g., Gibson v. Office of the Attorney General*, 561 F.3d 920, 929 (9th Cir.

9   2009) ("The only alleged damages are for emotional and physical distress, neither of which is

10  recoverable on a California contract claim."); *Low*, 900 F.Supp.2d at 1028 ("Emotional and

11  physical distress damages are not recoverable on a California contract claim."); *Applied*

12  *Equipment Corp. v. Litton Saudi Arabia Ltd.*, 7 Cal.4th 503, 516 (1994) ("damages for mental

13  suffering and emotional distress are … not compensable in contract actions.").

14          As far as alleged damage to her credit, Robinson does not aver facts showing any damage

15  to her credit by Ocwen.  Robinson does not deny defaulting on her loan.  Any resulting credit

16  damage was caused by her own default, not Ocwen.

17          Robinson does not plead whether there was an oral or written contract.  She does not plead

18  any provision of a contract that Ocwen breached.  She does not aver the existence of terms making

19  any loan contract enforceable.  And she does not allege any cognizable damages.  Her breach of

20  contract claim should be dismissed.

21          **V.  THE BREACH OF THE IMPLIED COVENANT OF GOOD FAITH
               AND FAIR DEALING FAILS FOR WANT OF ANY**
22          **EXPRESS CONTRACT PROVISION THAT WAS FRUSTRATED**

23          Robinson's second cause of action, for breach of the implied covenant of good faith and

24  fair dealing, is premised on the same allegation that "OCWEN failed to provide [her] with a final

25  loan modification …."  Compl. ¶ 26.

26          California does not permit recovery in tort for breach of the implied covenant except in the

27  insurance context.  *See, e.g., Harris v. Wachovia Mortg., F.S.B.*, 185 Cal.App.4th 1018, 1023

28  (2010).

1   A contract claim for breach of the implied covenant can be stated, but only by pleading

2   facts showing that the defendant frustrated rights or reasonable expectations raised by a contract's

3   express provisions. *Lingad v. Indymac Fed. Bank*, 682 F.Supp.2d 1142, 1154 (E.D. Cal. 2010).

4   The covenant of good faith exists "to protect the express covenants or promises of [a]

5   contract." *McClain v. Octagon Plaza, LLC*, 159 Cal.App.4th 784, 799 (2008).  Thus, the covenant

6   must "'rest[ ] upon the existence of some specific contractual obligation.'"  *Sipe v. Countrywide*

7   *Bank*, 690 F.Supp.2d 1141, 1160 (E.D. Cal. 2010) (quoting *Racine & Laramie, Ltd. v. Dep't of*

8   *Parks & Recreation*, 11 Cal.App.4th 1026, 1031-32 (1992)).  In other words, the complaint must

9   tether a defendant's alleged breaches of the implied covenant to particular express contractual

10   obligations in order to state a viable claim for breach of the implied covenant.

11   Robinson does not identify a single express provision of the contract and therefore does

12   not plead what express provision Ocwen purportedly frustrated.

13   ## VI.  ROBINSON HAS NO PROMISSORY ESTOPPEL CLAIM

14   Robinson's promissory estoppel claim suffers from the same lack of substantiating facts.

15   "The elements of a promissory estoppel claim are '(1) a promise clear and unambiguous in

16   its terms; (2) reliance by the party to whom the promise is made; (3) [the] reliance must be both

17   reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his

18   reliance.'"  *US Ecology, Inc. v. State of Cal.*, 129 Cal.App.4th 887, 905 (2005) (quoting *Laks v.*

19   *Coast Fed. Sav. & Loan Ass'n*, 60 Cal.App.3d 885, 890 (1976)).  All elements of a promissory

20   estoppel claim must be pleaded with specificity.  *See Smith v. San Francisco*, 225 Cal.App.3d 38,

21   48 (1990).

22   ## A.     A Clear And Unambiguous Promise Is Not Alleged

23   As shown in the TPP itself, Ocwen did not make any promise to Robinson.  The complaint

24   itself alleges no clear and unambiguous promise.  It alleges only that Ocwen promised to

25   permanently modify Robinson's loan after she made three payments.  It does not allege how

26   Robinson's loan was to be modified.  There is no averment of whether there was to be some

27   principal reduction or if all arrearages were to be recapitalized with a higher loan amount.  It does

28   not allege whether the loan was to be modified by extending it from a 30-year loan to a 40-year

loan.  No specifics are offered about the new monthly payment amount.  Robinson does not allege what the interest rate was to be on this modified loan.  Robinson does not aver any specific about how her loan terms were to be changed.

**B.      Facts Demonstrating Reasonable Reliance Are Not Alleged**

It is not reasonable to rely on a supposed promise of a loan modification containing no terms.  *Cf. Weddington Prods., Inc. v. Flick*, 60 Cal.App.4th 793, 813 (1998).  As previously discussed, the essential terms of a loan agreement are the identities of the lender and borrower, the loan amount, the repayment terms, and the interest rate.  *See Grimes*, 340 F.3d at 1010; *Peterson Dev. Co.*, 233 Cal.App.3d at 115.  There is no averment of what the parties agreed would be the modified loan amount, its repayment terms, or the interest rate.  A mere "hopeful expectation" of a favorable change in loan terms does not amount to reasonable reliance.  *See Kruse v. Bank of Am.*, 202 Cal.App.3d 38, 55 (1988).

**C.      Facts Demonstrating Injury Are Not Alleged**

Robinson does not allege facts demonstrating any injury.  She refers vaguely to "Defendant's collection and/or threatened foreclosure proceedings and other activities …."  Compl. ¶ 18.  No notice of default, the first step in the non-judicial foreclosure process, has been recorded. Ocwen is Robinson's current loan servicer, so it has every right to attempt to collect payments owed on the loan.

And merely making the three monthly payments constituted no injury.  Making payments on the loan, or reduced payments on the loan, does not amount to any sort of injury because Robinson was already contractually obligated to make those payments.  *See, e.g., Auerbach v. Great W. Bank*, 74 Cal.App.4th 1172, 1185-87 (1999).

Accordingly, the promissory estoppel claim should be dismissed.

**VII.  THE NEGLIGENCE CLAIMS FAILS FOR WANT OF A COGNIZABLE DUTY
AND IS PRECLUDED BY THE ECONOMIC LOSS DOCTRINE**

Robinson's fourth cause of action is a negligence claim.  She alleges that Ocwen owed her "duties of care," which it breached "by engaging in the conduct complained of herein."  Compl. ¶¶ 38, 39.

1    The claim fails for want of a cognizable duty.  "An action in negligence requires a showing

2    that the defendant owed the plaintiff a legal duty, that the defendant breached the duty, and that the

3    breach was a proximate or legal cause of injuries suffered by the plaintiff."  *Ann M. v. Pac. Plaza*

4    *Shopping Ctr.*, 6 Cal.4th 666, 673 (1993) ("The existence of a duty of care toward an interest of

5    another worthy of legal protection is the essential prerequisite to a negligence cause of action,

6    determined as a matter of law by the court.") (citation omitted); *Software Design & Application,*

7    *Ltd. v. Hoefer & Arnett, Inc.*, 49 Cal.App.4th 472, 478 (1996) ("The existence of a duty of care

8    toward an interest of another worthy of legal protection is the essential prerequisite to a negligence

9    cause of action, determined as a matter of law by the court." ).

10    Engaging in the loan modification process is a traditional money lending activity giving

11    rise to no duty of care.  *See Fevinger v. Bank of Am., N.A.*, 2014 WL 1338301, at *7 (N.D. Cal.

12    2014) (agreeing "with the great weight of authority" holding that loan modification activities "are

13    within the traditional scope of" lender activities giving rise to "no duty of care regarding" a loan

14    modification application.); *Meyer v. Wells Fargo Bank, N.A.*, 2013 WL 6407516, at *5 (N.D. Cal.

15    2013).

16    "[A] loan modification is the renegotiation of loan terms, which falls squarely within the

17    scope of a lending institution's conventional role as a lender of money."  *Lueras v. BAC Home*

18    *Loans Serv., LP*, 221 Cal.App.4th 49, 67 (2013); *see also Benson v. Ocwen Loan Servicing, LLC*,

19    — Fed. Appx. —, 2014 WL 962022, at *1 (9th Cir. 2014) ("The duty of care imposed on

20    construction lenders, *see Jolley* …, does not apply in the residential loan context, *Lueras* ….");

21    *Williams v. Wells Fargo Bank, N.A.*, 2014 WL 1568857, at *7 (C.D. Cal. 2014) ("The Court

22    concludes in accordance with the line of cases holding that loan modification—a renegotiation of

23    the loan's terms—is so related to 'the key functions of a money lender' as to not give rise to an

24    enforceable duty of care to the borrower."); *Robinson v. Bank of Am., N.A.*, 2014 WL 60969, at

25    *4-5 (N.D. Cal. 2014); *Sanguinetti v. Citi Mortg., Inc.*, 2013 WL 4838765, at *4-6 (N.D. Cal.

26    2013); *Ragland v. U.S. Bank Nat'l Ass'n*, 209 Cal.App.4th 182, 207 (2012) ("This advice was

27    directly related to the issue of loan modification and therefore fell within the scope of [bank]'s

28    conventional role as a lender of money.").

1    Any negligence claim is also precluded by the economic loss doctrine.  "[P]laintiffs may

2    recover in tort for physical injury to person or property, but not for purely economic losses that may

3    be recovered in a contract action."  *San Francisco Unified Sch. Dist. v. W.R. Grace & Co*., 37

4    Cal.App.4th 1318, 1327 (1995); *see also Seely v. White Motor Co*., 63 Cal.2d 9, 18-19 (1965).

5    Robinson has alleged no injury to her person or property.  Economic losses alone will not support

6    this tort action.  Robinson alleges she has a contract with Ocwen regarding the loan modification.

7    Thus, any relief she has lies in a contract action, not one sounding in tort.

8    ## VIII.  THE DERIVATIVE SECTION 17200 CLAIM IS NOT VIABLE

9    In her fifth and final cause of action, Robison avers that "OCWEN's acts, as alleged herein,

10   constitute unlawful, unfair and/or fraudulent business practices, as defined by California Business

11   and Professions Code §17200, et seq."  Compl. ¶ 43.

12   This section 17200 claim is based on the same theory that Ocwen failed to deliver on a

13   promised permanent loan modification.  Because it is entirely derivative of the faulty substantive

14   claims discussed above, it also fails to allege a viable claim.  *See Glenn K. Jackson Inc. v. Roe*, 273

15   F.3d 1192, 1203 (9th Cir. 2001) (dismissing § 17200 claim where underlying negligence and fraud

16   claims were insufficient as a matter of law); *Krantz v. BT Visual Images, L.L.C*., 89 Cal.App.4th

17   164, 178 (2001) (the viability of a § 17200 claim stands or falls with the antecedent substantive

18   causes of action); *People v. Duz-Mor Diagnostic Lab., Inc.*, 68 Cal.App.4th 654, 673 (1998) (a

19   defense to the underlying offense is a defense under § 17200).

20   Robinson also has no section 17200 claim against Ocwen based on GMACM's purported

21   actions.  There is no vicarious liability under section 17200.  *See Emery v. Visa Int'l Service Ass'n*,

22   95 Cal.App.4th 952, 960 (2002).  A defendant's liability under section 17200 must be based on its

23   own participation in the allegedly unlawful practice.  *See People v. Toomey*, 157 Cal.App.3d 1, 14

24   (1984).

25   Moreover, to state a section 17200 claim, Robinson must allege facts showing she suffered

26   an economic injury *caused by* Ocwen's allegedly unlawful, unfair or fraudulent conduct.  *See*

27   *Kwikset Corp. v. Superior Court*, 51 Cal.4th 310, 326-27 (2011).  "'A plaintiff fails to satisfy the

28   causation prong of the statute if he or she would have suffered 'the same harm whether or not a

1   defendant complied with the law.' '"  *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th

2   497, 522 (2013) (quoting *Daro v. Superior Court*, 151 Cal.App.4th 1079, 1099 (2007)).

3          There has been no foreclosure and the possibility of a future foreclosure is the result of

4   Robinson's default, not Ocwen's alleged failure to modify her loan.  *See, e.g., Roussel v. Wells*

5   *Fargo Bank, N.A.*, 2012 WL 5301909, at *7 (N.D. Cal. 2012) (observing that the plaintiff lacked

6   section 17200 standing because the defendant's allegedly wrongful denial of loan modification

7   "was not the cause of the imminent foreclosure of Plaintiff's home; rather, Plaintiff's default on his

8   mortgage caused the imminent foreclosure"); *Solomon v. Aurora Loan Servs. LLC*, 2012 WL

9   257759, at *5, *7 (E.D. Cal. 2012) (finding no section standing when plaintiff was already in

10  default on her mortgage, because "[i]t was [plaintiff's] default that caused the foreclosure that

11  caused her injury, not defendant's denial of a home loan modification"); *Serna v. Bank of Am.,*

12  *N.A.*, 2012 WL 2030705, at *5 (C.D. Cal. 2012) (noting plaintiffs have no section 17200 standing

13  because they "have not alleged how the impending foreclosure was caused by defendants' actions,

14  as plaintiffs do not contest that they defaulted on their loan"); *Phipps v. Wells Fargo Bank, N.A.*,

15  2011 WL 302803, at *17 (E.D. Cal. 2011).

16         As for attorney fees, "[Robinson's] contention that 'legal fees' and costs is sufficient to

17  satisfy the injury-in-fact requirement [under section 17200] is unpersuasive; such a finding would

18  mean that 'a private plaintiff bringing a UCL claim automatically would have standing merely by

19  filing suit.'"  *Serna v. Bank of Am., N.A.*, 2012 WL 2030705, at *5 (C.D. Cal. 2012) (citing *Cordon*

20  *v. Wachovia Mortg.*, 776 F.Supp.2d 1029, 1039 (N.D. Cal. 2011)); *see also Cordero v. Bank of Am.*,

21  2013 WL 4590826, at *3 (C.D. Cal. 2013); *Thompson v. Residential Credit Solutions, Inc.*, 2012

22  WL 260357, at *5 (E.D. Cal. 2012) (concluding that there is no authority to suggest that attorneys'

23  fees and costs incurred in bringing a section 17200 claim are sufficient to confer standing).)

24         Finally, Robinson has no form of relief under section 17200.  The remedies available under

25  section 17200 are "generally limited to injunctive relief and restitution."  *Korea Supply Co. v.*

26  *Lockheed Martin Co.*, 29 Cal.4th 1134, 1144 (2003) (citation omitted).

27         Unless a contract is specifically enforceable, an injunction to prevent its breach is not an

28  available remedy.  *See, e.g., Thayer Plymouth Center, Inc. v. Chrysler Motors Corp.*, 255

1  Cal.App.2d 300, 304 (1967); *Adams v. Williams Resorts, Inc.*, 210 Cal.App.2d 456, 463 (1962).

2  California Code of Civil Procedure § 526(b)(5) provides that "An injunction cannot be granted"

3  "To prevent the breach of a contract the performance of which would not be specifically enforced,

4  other than a contract in writing for the rendition of personal services …."

5         The alleged loan modification contract here is not specifically enforceable.  Under

6  California Civil Code § 3390, "An agreement, the terms of which are not sufficiently certain to

7  make the precise act which is to be done clearly ascertainable," "cannot be specifically enforced."

8  *See also Blackburn v. Charnley*, 117 Cal.App.4th 758, 766 (2004) (to establish a right to specific

9  performance, a plaintiff must establish that the contract terms are sufficiently definite, among other

10  things)).  "The contract must not only contain all the material terms, but the terms must, in the

11  language of the Code, be 'sufficiently certain to make the precise act which is to be done clearly

12  ascertainable.'"  *Anderson v. Permenter*, 78 Cal.App.2d 378, 382 (1947).

13         The alleged agreement to modify Robinson's loan is missing nearly all material terms—

14  amount, repayment, and interest rate.  Without these material terms, the agreement is not

15  specifically enforceable.

16         In addition, Robinson cannot obtain injunctive relief because she cannot show that there is

17  any likelihood that she might again be affected by the unfair competition—the purported failure to

18  modify her loan.  She will not again be subjected to that conduct.  "Injunctive relief has no

19  application to wrongs which have been completed, absent a showing that past violations will

20  probably recur."  *Toomey*, 157 Cal.App.3d at 20; *Madrid*, 130 Cal.App.4th at 465.

21         And no restitution remedy is available.  Restitution means to "restore to any person any

22  money or property, real or personal, which may have been acquired by means of such unfair

23  competition."  CAL. BUS. & PROF. CODE § 17203.  For restitution to be available, the "offending

24  party must have obtained something to which it was not entitled *and* the victim must have given up

25  something which he or she was entitled to keep."  *Day v. AT&T Corp.*, 63 Cal. App.4th 325, 340

26  (1998) (emphasis original).

27         There are no allegations that Robinson gave anything to Ocwen to which it was not entitled

28  and that which Robinson was entitled to keep.  A defaulted borrower is not entitled to keep the

1  house she gave as security for the loan.  *See Khan v. CitiMortgage, Inc.*, 975 F.Supp.2d 1127, 1144

2  (E.D. Cal. 2013) ("Foreclosure of the property fails to support a UCL claim in the absence of

3  allegations of the [plaintiff's] performance to avoid default.").)

4       Robinson has no viable claim for relief with her section 17200 claim.  This cause of action

5  should be dismissed.

## IX.  CONCLUSION

7       For the reasons stated above, Robinson's complaint against Ocwen fails to state any viable

8  claim for relief.  Hence, the complaint should be dismissed.  If Robinson is permitted to amend

9  any portion of her complaint, she should be directed to file any first amended complaint within

10  twenty days of the Court's Order.  She should also be directed to attach a copy of the contract she

11  alleges was breached.

13  DATED:  July 22, 2014                SEVERSON & WERSON
                                        A Professional Corporation


16                           By:    ___/s/___ *Evelina Manukyan*
                                        Evelina Manukyan

18                           Attorneys for Defendant
                            OCWEN LOAN SERVICING, LLC